Hash, C. J.
 

 The bill seeks to set aside a conveyance made by the defendant Prentiss, to the defendant Moore, upon the charge that it is usurious,1'and for that purpose, calls upon Moore for a discovery. To this portion of the bill, the defendant Moore, opposes a demurrer,'upon the ground, that by the known and settled “rules of this Honorable Court, no person is, or ought to be compelled to set forth or discover any matter or thing, which doth, or may, subject him to any pains or penalties or
 
 forfeitures 'whatever!
 
 The demurrer must be sustained.-— The right of a Court of Equity to enforce a discovery, lies at the foundation of its general power, differing from a Court of Law in administering justice between the parties before it, it constrains a defendant to bear witness against himself, and it provides for the defendant the right to put the plaintiff on the stand by a cross-bill, and to require of him a like discovery where needed. Put in requiring a discovery, this Court does not depart from the general policy of the law. It will not require a defendant to answer questions or make discovery of matters tending to criminate himself, or to expose him to a penalty ora forfeiture. The first maxim on tliis subj ect, stated by Mr. Adams, page 3,is “that no man needdiscovermatterstendingtocrimi-nate himsetf, or to expose him to a penalty or a forfeiture. lie has a right to refuse an answer, not only to the broad and lead
 
 *63
 
 ing fact, but as to any incidental fact which may form a link in the chain of evidence, if any one should choose to indict him.” If the objectionable matter appears upon the face of the bill, the defendant, as he has done in this ease, may demur, as if it alleges an usurious contract, &c., if it does not so appear, he may avail himself of the objection by plea; and if the facts are of such a nature as to exclude both a demurrer and a plea, he may obtain the defence in his answer. ■ The protection does not extend to frauds. Adams 4. The bill charges that the deed of trust made by the defendant Prentiss, to the defendant, Bishop, in trust for the benefit of the defendant, Moore, and dated the 30th day of September 1848, and prior to the one made by said Prentiss to Joseph Masters in trust for the plaintiff, was usurious, and seeks to set it aside.
 

 The bill then, is open to the objection stated in the demurrer : it seeks a discovery from the defendant Moore, of facts, which, if true, subject him to a forfeiture'of the preference given to him by the deed of trust to Bishop. In that deed of trust he has an interest for the security of the debts enumerated in it, as due to the defendant by Prentiss. He is not, by the rules of Equity, bound to make any discovery, and his demurrer is sustained, and the interlocutory decree affirmed.
 

 Decree below affirmed.